UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:06-CR-448-T-27MSS

BETTY CHANDLER TRENT
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss (Dkt. 25) and the Government's Opposition (Dkt. 26). A hearing was conducted on April 20, 2007.

### Discussion

Defendant's Motion to Dismiss as to Count Three is GRANTED. Count Three does not allege an essential element of a § 666(a)(1)(A)(i) offense, that is, that the organization received, " in anyone year period, benefits in excess of $10,000 under a Federal program . . . ." Count Three could have, but does not, incorporate ¶ B.9.b of Count One, which would have cured this deficiency.

The sufficiency of an indictment is determined from its face. *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004). To be valid, an indictment must allege the elements of the offense charged. *United States v. Sharpe* 438 F.3d 1257, 1263 (11th Cir.2006) (citing *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003)). An indictment that tracks the wording of the statute satisfies the Constitutional requirements, "as long as the language sets forth the essential elements of the crime." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir.), *cert. denied*, 464 U.S. 917 (1983). Count Three on its face does not allege an essential element of the offense and is therefore deficient. A bill of particulars cannot cure this deficiency.

Defendant's Motion to Dismiss is DENIED as to Counts Two, Four and Five. Each of those counts alleges the essential elements of the offenses charged. As to the essential element of a mailing for the purpose of executing the alleged scheme to defraud in Count Two, the Grand Jury alleges that Defendant caused to be mailed a Brooksville Housing Authority bank statement by SunTrust Bank. That this mailing may have been routine does not negate the requisite mailing element of the mail fraud offense alleged. *Schmuck v. United States*, 489 U.S. 705, 712-15 (1989) (a routine mailing satisfies mailing element of mail fraud offense if mailing is "incident to an essential part of the scheme;" "'innocent' mailings - ones that contain no false information - may supply the mailing element.")

As to Defendant's argument that Counts Two, Four and Five do not allege sufficient facts, Defendant's arguments are unpersuasive. Count Two incorporates by reference the factual allegations in Count One. As to Counts Four and Five, notwithstanding the paucity of factual allegations in those counts, Defendant is on notice of what she is charged with in those counts and may, by bill of particulars, obtain additional facts concerning the offenses charged.

**DONE AND ORDERED** in chambers this 23rd day of April, 2007.

*[signature]*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record