**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                         **Case No. 8:06-CR-448-T-27MSS**

**BETTY CHANDLER TRENT**

_____/

## ORDER

After the Government closed its evidence, Defendant moved for judgment of acquittal pursuant to Rule 29 as to all counts. Defendant's motion was denied as to Counts One through Six. This Court reserved ruling as to Count Seven pursuant to Rule 29(b). After the close of all of the evidence, Defendant renewed the motion. The jury convicted Defendant on all counts. Upon consideration, Defendant's renewed motion for judgment of acquittal as to Count Seven is DENIED.

On a motion for judgment of acquittal, the evidence must be viewed in the light most favorable to the government in determining whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006). All reasonable inferences tending to support the government's case must be accepted. *United States v. Barfield*, 999 F.2d 1520, 1522 (11th Cir. 1993), *cert. denied*, 522 U.S. 875 (1997).

In Count Seven, Defendant is charged with having knowingly and willfully made materially false statements to an F.B.I. agent during an October 25, 2006 non-custodial interview, in violation of 18 U.S.C. § 1001. The substance of the allegedly false statements is Defendant's denial that she met with Devon Moore and discussed with him "what he should tell the Federal Bureau of Investigation."

1

The evidence at trial, viewed in a light most favorable to the Government, established that Defendant met with Devon Moore and Joe Ann Bennett at a Cracker Barrel restaurant near Brooksville, Florida on September 26, 2006 and discussed with him what he should say to the F.B.I. when contacted. Defendant knew the F.B.I. was investigating payments made to Moore by the Brooksville Housing Authority. At the time of the meeting, Devon Moore was a cooperating witness and wore a recording device which recorded the conversation between Defendant, Moore and Bennett. (Gov. Exh. 14). Special Agent Wilkins surveilled the meeting from a few tables away.

According to Special Agent Cheney, who interviewed Defendant on October 26, 2006, Defendant denied having met with Devon Moore to discuss what he should tell the F.B.I. and told him she could not recall the last time she saw Devon Moore. After further questioning, Defendant admitted that she had met with Bennett and Moore but that the meeting was "one or two months ago." She told Cheney that the meeting had occurred "at a parking lot on the Summitt" and lasted "only a couple of minutes." She denied telling Moore to tell the F.B.I. that he had worked for the Brooksville Housing Authority.

Government's Exhibit 14, a recording of the Cracker Barrel meeting confirmed, contrary to Defendant's denials to Cheney, that she and Bennett met with Devon Moore and did discuss with him what he should say to the F.B.I. when contacted. The evidence therefore established that Defendant made false statements to Cheney during her interview. The issue presented by Defendant in her Rule 29 motion is whether her denials were material. Defendant argues that the statements could not have been material because Agent Cheney knew that Defendant met with Moore at the Cracker Barrel on September 26th and he knew, based on the recording, that Defendant and Bennett discussed with Moore what he should say to the F.B.I. The essence of Defendant's argument is that

2

her denials, even if false, could not have influenced or been capable of influencing the investigation because the investigation was all but completed and Defendant's meeting with Devon Moore was documented and recorded.

To satisfy the element of materiality, it is sufficient if a statement had a "natural tendency to influence, or be capable of influencing, a governmental function." *United States v. Diaz*, 690 F.2d 1352, 1357 (11th Cir. 1982). The government does not have to show that it actually relied on the false statement. *Id.* at 1353. A statement can be material even if ignored. *Id.* at 1359. The capacity to impair or pervert the investigation is the test. *Id.*[1]

Defendant's false denial that she met with Moore arguably had little capability of influencing the F.B.I.'s investigation, in light of the surveillance and recording of the meeting at the Cracker Barrel. It cannot be said, however, that her false denial that she discussed with Moore what he should tell the F.B.I. was not capable of influencing the F.B.I.'s investigation. As noted, Defendant knew that the F.B.I. was conducting an investigation. Defendant and Bennett can be heard talking to Moore about being contacted by the F.B.I. It can be reasonably inferred that Defendant was not aware that Agent Cheney knew she and Bennett had met with Moore at the Cracker Barrel and more importantly, what was discussed. By denying that such a meeting had taken place, Defendant certainly intended, drawing all inferences in favor of the Government, to distance herself from Moore, Bennett, and the investigation.

---

[1] This Court determined that the questions posed to Defendant by Agent Cheney were not so ambiguous as to preclude the jury from determining whether Defendant's denials were materially false. *Contra United States v. Manapat*, 928 F.2d 1097 (11th Cir. 1991). Any arguable ambiguity in the questions were properly submitted to the jury. *Id.* at 1099. The jury was accordingly instructed on the Defendant's theory of defense that the questions were ambiguous and therefore Defendant's denials could not have been material. Likewise, Defendant's denials cannot be characterized as "unresponsive." *Compare Bronston v. United States*, 409 U.S. 352, 358 (1973).

A statement may be material, "if made in the hope of influencing a pending investigation." *United States v. Cowden*, 677 F.2d 417, 419 (8th Cir. 1982). Defendant's false denials, considered in a light most favorable to the Government, could be viewed by the jury as having been made to minimize Defendant's involvement with Moore, as well as Bennett. Moreover, at the time of the meeting, Bennett remained under investigation and no charges had been filed. An assessment of what was said at the meeting at the Cracker Barrel and by whom was important to the investigation, as it either confirmed or not, through the participant's own statements, that a conspiracy to defraud the government had occurred and was ongoing, as opposed to Defendant merely being present during the meeting. The investigation was therefore capable of being influenced by Defendant's false denials, just as it would have been capable of being influenced by Defendant confirming what was discussed at the meeting. Therefore, it is

**ORDERED AND ADJUDGED** that Defendant's Rule 29 motion as to Count Seven is DENIED.

**DONE AND ORDERED** in chambers this 19th day of June, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

4