UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                          Case No. 8:06-CR-448-T-27MSS

BETTY CHANDLER TRENT

_____/

## ORDER

**BEFORE THE COURT** is Defendant's Renewed Motion for Judgment of Acquittal, or, in the Alternative, For New Trial (Dkt. 120). Defendant was charged in a seven count Superseding Indictment with conspiracy to defraud the United States, wire fraud, theft of federal funds, false claims, embezzlement of public money, falsification of records and false statements (Dkt. 48). After a jury trial, Defendant was convicted on all counts (Dkt. 116).

Defendant's motion for judgment of acquittal as to Counts One, Three, Six and Seven is DENIED, for the reasons announced by the Court in denying Defendant's similar motion made at the close of the Government's case in chief. The Court reserves ruling on Defendant's motion as to Counts Two, Four and Five and on Defendant's Motion for New Trial based on Defendant's contention that it was error to allow the jury to review the transcript of the audio recording from the Cracker Barrel restaurant during its deliberations.

*Rule 29(c) Motion for Judgment of Acquittal*

In considering Defendant's challenge to the sufficiency of the evidence, the evidence is examined in the light most favorable to the government to determine whether a reasonable juror

1

could find the defendant guilty beyond a reasonable doubt. *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006); *United States v. Thomas*, 8 F.3d 1552, 1556 (11th Cir. 1993); *United States v. Martinez*, 763 F.2d 1297, 1302 (11th Cir. 1985). All reasonable inferences tending to support the government's case are drawn in favor of the jury's verdict. *United States v. Barfield*, 999 F.2d 1520, 1522 (11th Cir. 1993), *cert. denied*, 522 U.S. 875 (1997). All credibility choices must be made in favor of the verdict. *United States v. Miles*, 290 F.3d 1341, 1355 (11th Cir. 2002). The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. *United States v. Ward*, 197 F.3d 1076 (11th Cir. 1999).

**Count One**: As to Count One, to prove Defendant's participation in the charged conspiracy, the evidence must have established beyond a reasonable doubt that a conspiracy existed and that Defendant knowingly and voluntarily joined in that conspiracy. *United States v. Garcia*, 405 F.3d 1260, 1269-70 (11th Cir. 2005) (citation omitted). The Government need not have proven that Defendant knew all of the details or participated in every aspect of the conspiracy, only that she "knew the essential nature of the conspiracy." *Id.* The elements of a § 371 conspiracy are (1) an agreement among two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in the agreement; and (3) an overt act by a conspirator in furtherance of the agreement. *United States v. Adkinson*, 158 F.3d 1147, 1153 (11th Cir. 1998).

Defendant argues that the evidence did not establish an agreement between Defendant and Joe Ann Bennett to defraud the Government. Contrary to Defendant's contention, the evidence overwhelmingly established that Defendant and Ms. Bennett conspired to steal and embezzle funds from the Brooksville Housing Authority ("BHA") by creating false and fraudulent invoices for goods

and services purportedly provided to the BHA by Devon Moore, knowing that Moore had not provided those goods and services. Bennett and Moore's testimony, and the recording of Defendant's meeting with them at the Cracker Barrel established beyond a reasonable doubt that Defendant knowingly conspired with Bennett to defraud the United States in violation of 18 U.S.C. § 371.

**Counts Three, Six and Seven:** As to Counts Three, Six and Seven, a reasonable trier of fact could find that the evidence established Defendant's guilt beyond a reasonable doubt.

**Counts Two, Four, Five and Seven:** As to these counts, Defendant makes substantive and factual arguments in support of her motion. In her request for a new trial, Defendant takes issue with the Court allowing the jury, over objection, to review the transcript of an audio recording during its deliberations which Defendant contends was inaccurate. The Government's Response in Opposition does not address the substantive arguments made by Defendant and does not cite to any authority supporting this Court's rulings made during trial.[1] Upon consideration, it is therefore

**ORDERED AND ADJUDGED:**

Defendant's Renewed Motion for Judgment of Acquittal, or, in the Alternative, For New Trial (Dkt. 120) is DENIED as to Counts One, Three, Six and Seven. The Court defers ruling as to Counts Two, Four and Five and on Defendant's Motion for New Trial.

The Government is directed to supplement its Response in Opposition to Defendant's motion within ten (10) days of the date of this Order. The Government's supplemental response shall cite

---

[1] In its Response in Opposition, rather than citing cases supporting the Court's earlier rulings, the Government suggests: "Pursuant to the above-referenced standards, the court's ruling on the motion for judgement of acquittal should remain as stated at trial and the requested relief should be denied." (Dkt. 122, p. 4).

case authority for its argument in support of the Court's earlier rulings and references to the testimony and exhibits.[2]

**DONE AND ORDERED** in chambers this 8th day of August, 2007.

/s/ James D. Whittemore
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[2] As to Count Two, the Government should address, factually and substantively, whether the May 6, 2003 wire transfer satisfies the jurisdictional element under § 1343. *See Schmuck v. United States*, 489 U.S. 705, 715, (1989); *Parr v. United States*, 363 U.S. 370, 391 (1960); *United States v. Evans,* 473 F.3d 1115, 1118-19 (11th Cir. 2006); *United States v. Adkinson*, 158 F.3d 1147, 1163 (11th Cir. 1998).
    As to Count Four, the Government should address Defendant's contention that false claims submitted to BHA, a state agency, do not constitute claims submitted to HUD. As to Count Five, case law and argument supporting the Court's determination that funds in the BHA's account constituted funds of the United States should be presented.